Matthias and Hart, JJ.,
 

 dissenting from judgment. It is stated in the majority opinion that the trial court ‘ ‘ ought to have charged in g'reater detail on the manner in which the jury should regard the father on the one hand and the brother on the other with respect to an award of damages” but concluded that the failure to do so constitutes an error of omission only which should have been called to the attention of the court and an instruction requested, and, it not having been “called to the attention of the court and an instruction requested,” does not constitute reversible error.
 

 We are in accord with the view of the Court of Appeals that, under the facts disclosed by the record, it was the duty of the trial court to explain the provisions of Section 10509-167, General Code, as applied to the evidence adduced, and fully to advise the jury as to who should be considered in determining the question of damages and entitled to participate in any sum awarded. In our opinion, the incompleteness of the charge in such respect renders it misleading, and was therefore prejudicially erroneous.